## A. C. Griffith and Everett Griffith, Appellees, v. George A. Orrill, Appellant.

1. TRUSTS, § 72*—*when parol reservation creates constructive trust.* Where, upon transfer of land, there was no reservation in the deed, but it appeared that the consideration paid was for the land without the wheat growing thereon, and that it was expressly agreed that the grantors were to have the wheat which was growing on the land when conveyed, and that the reservation was omitted from the deed at the instigation of the grantee and that the grantors acquiesced in such omission only after having been assured that the reservation was not necessary and that the grantors should at all events have the wheat, and where nevertheless the grantee harvested the wheat and retained the proceeds, he was a trustee *ex maleficio.*

2. TRUSTS, § 64*—*how constructive trust created.* Where one party by words, acts or other means intentionally misleads another, and thereby induces him to pursue a course not contemplated by him, and which places it within the power of the former to possess himself of the property of the latter and he does thereby so possess himself of it, although he has no right to it or its possession, he is in law a trustee *ex maleficio,* and holds such property in trust for the party wronged.

3. TRUSTS, § 65*—*when Statute of Frauds inapplicable to parol trust.* Where a conveyance is made to a person because of his fraud and deceit that would not otherwise have been so made, and he verbally agrees to hold the property so conveyed in trust, such trust will be enforced notwithstanding the Statute of Frauds, because the fraud and imposition brings it within the definition of constructive trusts, to which the Statute of Frauds is inapplicable.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Griffith et al. v. Orrill, 214 Ill. App. 228.

Appeal from the Circuit Court of Pike county; the Hon. HARRY HIG-BEE, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed April 29, 1919.

W. E. WILLIAMS, A. CLAY WILLIAMS and GEORGE C. WEAVER, for appellant.

WILLIAM MUMFORD and BARRY MUMFORD, for appellees.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

Appellant bought from appellees a tract of land. There was no reservation in the deed by which the land was conveyed to him. There was at the time the deed was made a quantity of wheat growing on the land conveyed. Appellees claim the wheat, by an oral agreement made before the execution of the deed whereby it was to remain their property. They also claim that appellant, by promises that they should have the wheat at all events, and other persuasions, lulled them into acquiescence with his request to have no reservation of the wheat in the deed. Before the wheat matured, appellant notified appellees that they could not have the wheat and that they should not come on the premises for any purpose. Appellees then, it yet being before the wheat was harvested, filed their bill in equity to have appellant declared to be a trustee *ex maleficio* of the wheat and to hold the same for appellees. Appellant proceeded to harvest the wheat and the proof shows realized therefrom $656.68 net. The case was referred to the master in chancery to take proofs and the proofs were taken accordingly and reported to the court. The court heard the case on the pleadings and proofs so taken and the report of the master in chancery, and entered a decree whereby the issues were found for appellees and ap-

pellant was directed to pay to appellees $656.68, and to pay the costs of the proceeding.

There can be no doubt that all of the reliable proof supports the decree. That offered by appellees shows that the consideration paid for the premises sold was for the land without the wheat growing thereon; that it was expressly understood and agreed between the parties that appellees were to have the wheat then growing on the premises; that the wheat was to be reserved to appellees in the deed; that the reservation was omitted from the deed at the instigation of appellant; that appellees acquiesced in such omission only after being assured by appellant that such reservation in the deed was not necessary and that they, appellees, should have the wheat in all events; that such representations and promises were made by appellant for the purpose of obtaining an unconscionable advantage over appellees, and to defraud them out of the wheat in question, and to thereby obtain for himself that which in equity and good conscience belonged to appellees, and which appellant had no right to retain. Part of those facts was proven by the testimony of appellees and part by proof of statements made by appellant out of court. Although appellant denied most of the important facts testified to by the witnesses for appellees, he was not corroborated in any manner and was successfully impeached as to his general reputation for truth and veracity. This left his testimony of little or no value, and the court correctly found the facts to be as testified to by witnesses for appellees. A careful résumé of all the authorities on the subject of what constitutes a constructive or implied trust arising *ex maleficio* cannot be made without unduly extending this opinion, but it may be laid down as a general proposition that where one party by words or acts or other means intentionally misleads another, and thereby induces him to pursue a course not contemplated

by him, and which places in the power of the first party to possess himself of the property of the second party, and he does thereby so possess himself of it, although he has no right to it or its possession, he is in law a trustee *ex maleficio* and holds such property in trust for the second party. The leading case on that subject in this state is *Lantry v. Lantry,* 51 Ill. 458. The following authorities also support that proposition. *Fischbeck v. Gross,* 112 Ill. 208; *Markham v. Katzenstein,* 209 Ill. 607-616; *Beach v. Dyer,* 93 Ill. 295; *Larmon v. Knight,* 140 Ill. 232-236; *Crossman v. Keister,* 223 Ill. 69-83; Cyc., vol. 39, page 172, par. 6, etc.

Where a conveyance is voluntarily made to a person without his having procured it to be done, but merely accepts it and makes a verbal promise to hold the property so conveyed in trust, equity will not enforce it because of the Statute of Frauds, but where a conveyance is made to a person because of his fraud and deceit, that would not otherwise have been made to him, and he verbally agrees to hold the property so conveyed in trust, such trust will be enforced notwithstanding the Statute of Frauds, because the fraud and imposition practiced on the grantor brings it within the definition of constructive trusts. *Lantry v. Lantry,* 51 Ill. 458; *Fischbeck v. Gross,* 112 Ill. 208; *Markham v. Katzenstein,* 209 Ill. 607-616. The Statute of Frauds has no application to constructive trusts. The decree of the Circuit Court is correct on the facts proven. Decree affirmed.

*Affirmed.*